**McMANIMON, SCOTLAND
& BAUMANN, LLC**
75 Livingston Avenue, 2nd Floor
Roseland, NJ  07068
(973) 622-1800
Anthony Sodono
Joshua H. Raymond
*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>RAFAEL D. MARTINEZ,<br><br>  Debtor. | Case No.  18-27867 (CMG)<br><br>Chapter 7 |
| BARRY R. SHARER, CHAPTER 7 TRUSTEER FOR CHRISTOPHER R. SHAFER, SR.,<br><br>  Plaintiff,<br><br>v.<br><br>RAFAEL D. MARTINEZ,<br><br>  Defendant. | Adv. Pro. No. 18-_____ |

**ADVERSARY COMPLAINT OBJECTING TO DISCHARGE
PURSUANT TO 11 U.S.C. §727 AND DICHARGABILITY
OF DEBTS PURSUANT TO 11 U.S.C. §523**

Plaintiff, Barry R, Sharer, Chapter 7 Trustee ("Trustee") for Christopher R. Shafer, Sr. ("Plaintiff"), by and through his counsel, McManimon Scotland & Baumann, LLC and by way of Complaint against Rafael D. Martinez formerly known as Raphael Delgado ("Martinez"), hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

3. Venue is properly fixed in this Court pursuant to 28 U.S.C. § 1409.

## PARTIES

4. Plaintiff is the appointed Chapter 7 Trustee for Christopher R. Shafer, Sr. ("Shafer")

5. Dorca I. Delgado-Shafer ("Delgado-Shafer") is the ex-wife of Shafer with a last known address of 1109 Marne Highway, Hainesport, New Jersey 08036. Delgado-Shafer served as counsel to Shafer in filing his bankruptcy petition.

6. Upon information and belief, Angel D. Delgado ("Angel Delgado") is Shafer's brother-in-law and brother of Delgado-Shafer, with a last known address at PO Box 664, Hainesport, New Jersey 08036.

7. Upon information and belief, Defendant Raphael D. Martinez ("Martinez") is Shafer's brother-in-law and brother of Defendant Delgado-Shafer, with a last known address at 1109 Marne Highway, Hainesport, New Jersey 08036.

8. Dorena Calbazana ("Calbazana") is an individual with an address at 11 Trenton Lane, Willingboro, New Jersey 08046 (or, alternatively, 806B Sedgefield Drive, Mount Laurel, New Jersey 08054). It is unknown whether Calbazana has any relation to any of the Defendants named herein.

## BACKGROUND

9. On March 28, 2007, Shafer filed his voluntary petition for relief under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code"). On March 29, 2007, Plaintiff Barry R. Sharer was appointed Chapter 7 Trustee for Shafer.

10. Upon information and belief, Shafer effectuated various fraudulent transfers.

11.  Shafer never disclosed the transactions described in detail below, nor did he disclose his ownership interests in any of the properties on his bankruptcy petition, schedules or Statement of Financial Affairs.

12.  Despite having ownership interests in the various properties, Shafer did not list any real property on his Schedule A. Shafer asserted that he did not own any real property, but listed $119,000 in secured debt owed to Countrywide Mortgage on his Schedule A. Further, Shafer did not list any transfers of property as required under Question Ten (10) on the Statement of Financial Affairs.

13.  Shafer executed various deeds to effectuate these transfers.

14.  Moreover, at a Rule 45 examination of the Shafer on May 9, 2008, he testified as to his insolvency, claiming that he had no ability to pay his debts as they came due in at least years 2005, 2006 and 2007. The orchestration and transfer of properties occurred during the period he was indebted to creditors, had no ability to pay debts as they came due, and evidences his intent to defraud such creditors.

15.  Shafer had actual, equitable ownership or martial interests in at least six (6) properties prior to his bankruptcy filing , and even effectuated the transfer of legal title in one (1) of the properties post-petition, without Court authorization:

    a.  **3199 Federal Street, Camden, New Jersey Property**

16.  Shafer purchased a three (3) floor mixed commercial/residential building located at 3199 Federal Street, Camden, New Jersey (the "Camden Property") from Urban Promises Ministries, Inc. on October 4, 2006 for $145,000. The Mortgage and Deed for the Camden Property were solely in Shafer's name in the amount of $119,000. Shafer executed a Seller's Residency Certification/Exemption, HUD-1 Settlement Statement, Affidavit of Title (undated)

and Uniform Residential Loan Application in connection with the closing of the transaction on October 4, 2006.

17. In addition, pursuant to Shafer's deposition testimony on May 9, 2008, he admitted that he received the down payment in the amount of $31,500 for the Camden Property from Rafael Delgado, Shafer's brother-in-law.

18. Shafer transferred titled to Camden Property to his ex-spouse, Delgado-Shafer for $1.00 consideration on October 5, 2006 (6 months before the Filing Date), and recorded such transfer **post-petition**, on June 20, 2007.

19. Despite transferring title to the Camden Property, Shafer admitted that he resided at the Camden Property. Further, Delgado-Shafer used the first floor of the Camden Property to operate her law office.

20. At the time of Shafer's purchase of the Camden Property, there was a judgment against Shafer in favor of Portfolio Recovery Associates, LLC ("Portfolio"), which according to Chicago Title's records was marked "paid," when in fact no payment was ever tendered to Portfolio.

  **b. 806B Sedgefield Drive, Mount Laurel, New Jersey Property**

21. Shafer and Delgado-Shafer purchased a condominium unit located at 806B Sedgefield Drive, Mount Laurel, New Jersey (the "Mount Laurel Property") in or about December of 1988.

22. By Deed dated August 31, 2005 and recorded September 6, 2005 (within four (4) years of the Filing Date), Shafer and Delgado-Shafer transferred their ownership interests in the Mount Laurel Property to Christopher Shafer, Jr. ("Shafer, Jr.") and Delgado-Shafer, as trustee for Matthew Shafer, a minor, for $1.00 consideration.

4

23.     By Deed dated June 27, 2006, and recorded August 1, 2006, Shafer, Jr. and Delgado-Shafer, as trustee for Matthew Shafer, transferred title to the Mount Laurel Property to Shafer, Jr. and Delgado-Shafer, individually, for $1.00 consideration.

24.     By Deed dated July 31, 2006 and recorded on August 10, 2006, (less than seven (7) months before the Filing Date), Shafer, Jr. and Delgado-Shafer transferred title to the Mount Laurel Property to Dorena Calbazana for $194,000.[a]

25.     According to Shafer, as well as a Property Settlement Agreement dated January 7, 2006, the $194,000 proceeds from the Mount Laurel Property are to be utilized for the college education of his son, Shafer Jr.  Shafer failed to explain if all or part of the $194,000 is still in his or Delgado-Shafer's actual or constructive possession or control.

   c.     **1107 Marne Highway, Hainseport, New Jersey Property**

26.     Upon information and belief, Angel Delgado was the owner of the property located at 1107 Marne Highway, Hainesport, New Jersey ("1107 Hainseport Property") as of 2002.

27.     Angel Delgado transferred his ownership interest in the 1107 Hainseport Property to Delgado-Shafer by Deed dated February 1, 2005, and recorded on March 16, 2005 for $1.00 consideration.

28.     Based on the marital status of Shafer and Delgado-Shafer, Shafer may have an ownership interest in the 1107 Hainsesport Property.[b]  Such interest was never disclosed to the Trustee.

29.     By Deed dated September 16, 2005 and recorded on September 30, 2005, Delgado-Shafer sold the 1107 Hainseport Property to Laura Young for $163,000.  Shafer and

---

[a] It is not known whether Dorena Calbazena is related to Shafer or Delgado-Shafer.
[b] See Footnote 1.  Moreover, as an attorney preparing the petition for her spouse, Delgado-Shafer knew or should have known that such interests must be disclosed.

5

Delgado-Shafer have not explained the disposition of the funds at a time Shafer admitted that he was insolvent.

    **d.**    <u>**1109 Marne Highway, Hainseport, New Jersey Property**</u>

30.    Upon information and belief, Martinez, brother of Delgado-Shafer, was the owner of the single family residence located at 1109 Marne Highway, Hainseport, New Jersey ("1109 Hainseport Property").

31.    Martinez transferred his ownership interest in the 1109 Hainseport Property to Delgado-Shafer by Deed dated February 1, 2005, and recorded on March 16, 2005 for $1.00 consideration.

32.    Upon information and belief, based on the marital status of Shafer and Delgado-Shafer, Shafer had an ownership interest in the 1109 Hainsesport Property. Such interest was never disclosed to the Plaintiff.

    **e.**    <u>**199 6th Street, Mount Laurel, New Jersey Property**</u>

33.    Upon information and belief, Delgado-Shafer has an ownership interest in the property located at 199 6th Street, Mount Laurel, New Jersey ("6th Street Property").

34.    Based on the marital status of Shafer and Delgado-Shafer, Shafer had an ownership interest in the 6th Street Property. Such interest was never disclosed to the Plaintiff.

    **f.**    <u>**22 Sunflower Circle, Lumberton, New Jersey Property**</u>

35.    Shafer and Delgado-Shafer purchased a single family residence located at 22 Sunflower Circle, Lumberton, New Jersey (the "Lumberton Property") in or about 2000.

36.    The Lumberton Property was allegedly sold by Shafer and Delgado-Shafer to Angel Delgado, Delgado-Shafer's brother, on August 31, 2004 for $730,000. At Shafer's § 341(a) First Meeting of Creditors, Delgado-Shafer represented that her brother, Angel Delgado

"makes $22,000 per year." Based on these representations, Angel Delgado had no ability to pay a $730,000 mortgage debt on a $22,000 per year salary. This transaction was solely orchestrated to "strip" out equity for Shafer and Delgado-Shafer's benefit, and to the detriment of creditors.

37. The Deed for the Lumberton Property references a sale price of $560,000. However, the HUD-1 Settlement Statement for the transaction reflects a purchase price of $730,000. Based on the sale price on the Deed, actual consideration paid was approximately $560,000, which suggests the Lumberton Property was conveyed for less than fair value. Further, the HUD-1 provides that Angel Delgado, as borrower, paid a deposit of $199,853.98. In addition, the HUD-1 does not list a payoff of prior mortgages. Accordingly, it appears that the proceeds, whether $730,000 or $560,000, or another amount, has not been fully explained or accounted for.

38. Despite transferring title to the Lumberton Property, upon information and belief, Shafer's ex-spouse, Delgado-Shafer, utilized the Lumberton Property as her primary residence, along with their two (2) sons, Christopher Shafer, Jr. ("Shafer, Jr.") and Matthew Shafer, a minor. Shafer also testified he resides at the Lumberton Property on the weekends.

39. Upon information and belief, the alleged "sale" of the Lumberton Property was orchestrated to place an asset of Shafer beyond the reach of creditors. This transaction was not disclosed on the petition.

40. GMC assisted Delgado-Shafer, Angel Delgado and Martinez in stripping equity from the Lumberton Property without providing Shafer with a tangible, net benefit in exchange, to the detriment of creditors.

41. The Camden Property, Lumberton Property, Mount Laurel Property, 1107 Hainesport Property, 1109 Hainesport Property, and 6th Street Property are collectively referred to herein as the "Properties."

42. All of the above transactions and transfers are collectively referred to as the "Transfers."

43. In addition to the foregoing, at the May 9, 2008 Court-Ordered Rule 45 examination of Shafer, he testified that since at least 2005, he did not have the ability to pay his debts as they came due, thereby rendering him insolvent. Notwithstanding his insolvency, Shafer chose to defraud creditors by transferring property and not disclosing same on his petition.

44. Pursuant to 11 U.S.C. § 548(a)(1)(B)(ii), at the time of the transfers of the various Properties, Shafer was insolvent, or became insolvent as a result of the transfers. Therefore, the transfer of the Properties constitute fraudulent transfers.

45. On October 13, 2008, the Trustee filed the within adversary proceeding for various fraudulent transfers made by Shafer and his family members to certain people, including the Defendant, at Adv. Pro. No. 08-2435 (GMB).

46. On June 9, 2009, Plaintiff obtained a default judgment against Angel Delgado in the amounts of $163,000 and $730,000; against Delgado-Shafer in the amounts of $145,000, $194,000, $163,000, $163,000 and $730,000; and against Martinez in the amount of $163,000 (the "Judgment"), all of which remains due and owing.

47. On October 10, 2010, the Judgment was docketed in the Superior Court of New Jersey and assigned Judgment No. 261488-10.

48. On September 9, 2018, Delgado-Shafer filed a voluntary Chapter 7 bankruptcy petition, case no. 18-27868 (JNP).

49. On September 9, 2018, Angel Delgado filed a voluntary Chapter 7 bankruptcy petition, case no. 18-27865 (CMG).

50. On September 9, 2018, Martinez filed a voluntary Chapter 7 bankruptcy petition, case no. 18-27867(CMG).

51. On September 13, 2018, Martinez was served with a Rule 2004 Subpoena ("Subpoena"). Pursuant to Fed. R. Bankr. P. 2004 and D.N.J. LBR 2004-1, the Subpoena required Martinez to produce requested documents on or before October 1, 2018 and appear for the taking of his deposition on October 5, 2018 at the offices of McManimon Scotland & Baumann, LLC at 75 Livingston Avenue, Suite 200, Roseland, New Jersey 07068.

52. Plaintiff agreed to extend the time for Martinez to produce the requested documents until October 22, 2018. In addition, Martinez's deposition was adjourned until Friday, October 26, 2018. Martinez failed to produce the requested documents and failed to appear for the taking of his deposition.

## COUNT ONE
## (11 U.S.C. § 523(a)(2))

53. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

54. Pursuant to *N.J.S.A.* §§ 25:2-25 and 25:2-27, made applicable hereto by 11 U.S.C. § 544, the Transfers, as detailed above, constitute fraudulent transfers which should be avoided

55. The Transfers were given to Martinez with the actual intent to hinder, delay, or defraud Shafer's creditors.

9

56. Shafer was insolvent at the time, or Shafer became insolvent as a result of the Transfers.

57. Moreover, pursuant to 11 U.S.C. § 544, Shafer did not receive reasonably equivalent value in exchange for the Transfers, and Shafer:

   a. Was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
   b. Was engaged or was about to engage in a business or a transaction for which any property remaining with the debtor was an unreasonably small capital; or
   c. Intended to incur, or believed or reasonably should have believed that Shafer would incur, debts beyond Shafer's ability to pay them as they become due.

58. No exemption or exclusion shall be allowed for any preferences or fraudulent conveyances made in violation of the "Uniform Fraudulent Transfer Act," *N.J.S.A.* 25:2-20, *et seq.*, or any other State or federal law.

59. The granting of the Transfers constitutes fraudulent transfers pursuant to *N.J.S.A.* § 25:2-25 and *N.J.S.A.* § 25:2-27 and may be avoided by the Trustee pursuant to 11 U.S.C. §§ 544 and 550 for the benefit of Shafer's creditors.

60. Plaintiff obtained Default Judgment against Martinez based on the foregoing allegations

61. Accordingly, the debts owed by Martinez to Plaintiff are nondischargeable under 11 U.S.C. § 523(a)(2).

**WHEREFORE**, Plaintiff demands judgment against Martinez as follows (i) determining that all debts owed by Martinez to Plaintiff are nondischargeable; (ii) awarding Plaintiff attorneys' fees and costs incurred in this action; and (iii) granting Plaintiff such other and further relief as this Court deems just and equitable.

## COUNT TWO
## (11 U.S.C. § 523(a)(4))

62. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

63. As set forth above, Martinez engaged in a broad, multi-faceted scheme to defraud Shafer's creditors in violation of applicable New Jersey fraudulent transfer statutes

64. On June 9, 2009, Plaintiff obtained a default judgment against Angel Delgado in the amounts of $163,000 and $730,000; against Delgado-Shafer in the amounts of $145,000, $194,000, $163,000, $163,000 and $730,000; and against Martinez in the amount of $163,000, all of which remains due and owing.

65. Accordingly, the debts owed by Martinez to Plaintiff are nondischargeable under 11 U.S.C. § 523(a)(4).

**WHEREFORE**, Plaintiff demands judgment against Martinez as follows (i) determining that all debts owed by Martinez to Plaintiff are nondischargeable; (ii) awarding Plaintiff attorneys' fees and costs incurred in this action; and (iii) granting Plaintiff such other and further relief as this Court deems just and equitable.

## COUNT THREE
## (11 U.S.C. § 523(a)(6))

66. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

67. By engaging in the acts noted above, Martinez caused, and knew that they caused, willful and malicious injury to Shafer's creditors.

68. Accordingly, the debts owed by Martinez to Plaintiff are nondischargeable under 11 U.S.C. § 523(a)(6).

**WHEREFORE**, Plaintiff demands judgment against Martinez as follows (i) determining that all debts owed by Martinez to Plaintiff are nondischargeable; (ii) awarding Plaintiff attorneys' fees and costs incurred in this action; and (iii) granting Plaintiff such other and further relief as this Court deems just and equitable.

## COUNT FOUR
## (11 U.S.C. § 727(a)(2)(A))

69.     Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

70.     By engaging in the acts noted above, Martinez, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, transferred, removed, destroyed, mutilated, or concealed, or permitted to be transferred, removed, destroyed, mutilated, or concealed property of the estate

71.     As a result, Martinez must be denied a discharge pursuant to section 727(a)(2)(A) of the Bankruptcy Code.

**WHEREFORE**, Plaintiff demands judgment against Martinez as follows (i) determining that Martinez is not entitled to a discharge pursuant to section 727(a)(2)(A) of the Bankruptcy Code; (ii) awarding Plaintiff attorneys' fees and costs incurred in this action; and (iii) granting Plaintiff such other and further relief as this Court deems just and equitable.

## COUNT FIVE
## (11 U.S.C. § 727(a)(2)(B))

72.     Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

73.     By engaging in the acts noted above, Martinez has, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title,

transferred, removed, destroyed, mutilated, or concealed, or permitted to be transferred, removed, destroyed, mutilated, or concealed property of the estate, after the date of the filing of the petition.

74. As a result, Martinez must be denied a discharge pursuant to section 727(a)(2)(B) of the Bankruptcy Code.

**WHEREFORE**, Plaintiff demands judgment against Martinez as follows (i) determining that Martinez is not entitled to a discharge pursuant to section 727(a)(2)(B) of the Bankruptcy Code; (ii) awarding Plaintiff attorneys' fees and costs incurred in this action; and (iii) granting Plaintiff such other and further relief as this Court deems just and equitable.

## COUNT SIX
## (11 U.S.C. § 727(a)(3))

75. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

76. By engaging in the acts noted above, Martinez has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records and papers, from which Martinez's financial condition or business transactions might be ascertained, and such act or failure to act was not justified under the circumstances of the case.

77. As a result, Martinez must be denied a discharge pursuant to section 727(a)(3) of the Bankruptcy Code.

**WHEREFORE**, Plaintiff demands judgment against Martinez as follows (i) determining that Martinez is not entitled to a discharge pursuant to section 727(a)(3) of the Bankruptcy Code; (ii) awarding Plaintiff attorneys' fees and costs incurred in this action; and (iii) granting Plaintiff such other and further relief as this Court deems just and equitable.

## COUNT SEVEN
## (11 U.S.C. § 727(a)(4)(A))

78. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

79. By engaging in the acts noted above and in failing to disclose substantial interests and assets of the estate, Martinez knowingly and fraudulently, in or in connection with the case, made a false oath or account.

80. As a result, Martinez must be denied a discharge pursuant to section 727(a)(4)(A) of the Bankruptcy Code.

**WHEREFORE**, Plaintiff demands judgment against Martinez as follows (i) determining that Martinez is not entitled to a discharge pursuant to section 727(a)(4)(A) of the Bankruptcy Code; (ii) awarding Plaintiff attorneys' fees and costs incurred in this action; and (iii) granting Plaintiff such other and further relief as this Court deems just and equitable.

## COUNT EIGHT
## (11 U.S.C. § 727(a)(4)(D))

81. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

82. By engaging in the acts noted above and in failing to disclose substantial interests and assets of the estate, Martinez knowingly and fraudulently, in or in connection with the case, withheld from the chapter 7 trustee, an officer of the estate entitled to possession under title 11, recorded information relating to Martinez property or financial affairs, including without limitation, documents, records, and papers.

83. As a result, Martinez must be denied a discharge pursuant to section 727(a)(4)(D) of the Bankruptcy Code.

**WHEREFORE**, Plaintiff demands judgment against Martinez as follows (i) determining that Martinez is not entitled to a discharge pursuant to section 727(a)(4)(D) of the Bankruptcy Code; (ii) awarding Plaintiff attorneys' fees and costs incurred in this action; and (iii) granting Plaintiff such other and further relief as this Court deems just and equitable.

## COUNT NINE
## (11 U.S.C. § 727(a)(5))

84. Plaintiff repeats each and every allegation asserted above as if set forth at length herein.

85. By engaging in the acts noted above, Martinez as failed to explain satisfactorily their loss of assets or deficiency of assets to meet Martinez's liabilities.

86. As a result, Martinez must be denied a discharge pursuant to section 727(a)(5) of the Bankruptcy Code.

**WHEREFORE**, Plaintiff demands judgment against Martinez as follows (i) determining that Martinez is not entitled to a discharge pursuant to section 727(a)(5) of the Bankruptcy Code; (ii) awarding Plaintiff attorneys' fees and costs incurred in this action; and (iii) granting Plaintiff such other and further relief as this Court deems just and equitable.

## COUNT TEN
## (Attorney's Fees – Rule 7008(b))

87. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

88. Plaintiff has incurred, and will incur, significant legal expenses in the prosecution of this action.

89. Plaintiff is entitled to reasonable attorneys' fees pursuant to Federal Rule of Bankruptcy Procedure 7008(b).

**WHEREFORE**, Plaintiff demands judgment against Martinez as follows (i) awarding Plaintiff attorneys' fees and costs incurred in this action; and (ii) granting Plaintiff such other and further relief as this Court deems just and equitable.

                                               **McMANIMON, SCOTLAND & BAUMANN, LLC**
*Attorneys for Plaintiff*

DATED:  December 3, 2018           By:  */s/ Joshua H. Raymond*
                                                              JOSHUA H. RAYMOND

4823-7076-3905, v. 1